UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEREK D. FINGERS,<br><br>      Petitioner,<br><br>      v.<br><br>WARDEN,<br><br>      Respondent. | CAUSE NO.: 3:19-CV-020-JD-MGG |

OPINION AND ORDER

Derek D. Fingers, a prisoner without a lawyer, filed a supplement to his habeas corpus petition. At this stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (quotation marks and citation omitted). Although Fingers did not have the court's leave to amend his petition, the proposed supplement will be construed as including such a request and considered accordingly.

As an initial matter, the Local Rules provide that parties seeking to amend a petition must submit a copy of the proposed amended petition in its entirety, and they also prohibit parties from amending the petition in a piecemeal fashion. N.D. Ind. L.R.

15-1. Because Fingers has attempted to amend his petition in a piecemeal manner, it violates the Local Rules and will be denied for that reason.

Moreover, the court notes that allowing Fingers to proceed on the proposed additional claim would be futile. In the proposed supplement, Fingers asserts that his rights under the First and Fourteenth Amendment were violated because he was not provided with an avenue for challenging prison disciplinary proceedings in State court. However, the Constitution does not require States to provide inmates with a grievance process or with post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (no constitutional right to post-conviction relief); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (no constitutional right to a grievance process). Moreover, the right to challenge disciplinary findings in State court is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Therefore, even if Fingers had complied with the Local Rules, this claim would have been dismissed because it lacks merit.

For these reasons, the court:

(1) DENIES the request to supplement the petition; and

(2) DIRECTS the clerk to edit ECF 15 to indicate that it is a Proposed Amended Petition.

SO ORDERED on May 16, 2019

                                            /s/ JON E. DEGUILIO
                                        JUDGE
                                        UNITED STATES DISTRICT COURT