UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEREK D. FINGERS,

    Petitioner,

    v.                                       CAUSE NO.: 3:19-CV-020-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Derek D. Fingers, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-18-07-0460) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of rioting in violation of Indiana Department of Correction Offense A-103. ECF 1. Following a disciplinary hearing, Fingers was sanctioned with a loss of one hundred eighty days earned credit time and was demoted in credit class. ECF 19-4.

Fingers argues that he is entitled to habeas relief because he was denied the right to obtain his medical records as evidence, because correctional staff refused to consider those records upon screening, and because he was not allowed to present them at the disciplinary hearing. He states that the medical records were necessary to demonstrate that his misconduct was the result of his mental condition. He further argues that the disciplinary officers did not support the determination that his misconduct was not the result of his mental illness with evidence. Fingers relies on the Indiana Department of

Correction's departmental policy on disciplinary procedures, which requires the disciplinary reviewing officer to:

> Review the Mental Health Code. If this Code indicates that the offender has a mental illness, the Disciplinary Review Officer shall contact the Mental Health Professional of the facility. If, after consultation with the Mental Health Department, the Disciplinary Review Officer determines that the incident was a result of the offender's mental illness, the offender shall receive a written reprimand documenting the behavior. If the incident is determined to not be a result of the offender's mental illness, the case shall proceed normally.

*See* The Disciplinary Code for Adult Offenders, Policy & Administrative Procedures No. 02-04-101, § VIII(A)(4)(i) (effective June 1, 2015).[1] It is undisputed that, prior to screening Fingers' case, a mental health counselor advised the screening officer that the incident was not the result of mental illness, and a disciplinary hearing was scheduled accordingly. ECF 19-13, 19-14.

To satisfy due process, there must be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "Procedural due process also requires prison disciplinary officials to disclose material exculpatory evidence to the charged offenders." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). "However, prison disciplinary officials need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings." *Id.* at 939–40. Moreover, the right to challenge a prehearing determination on the effects of mental illness is not listed among the requirements for procedural due

---

[1] Available online at: https://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf (last visited Feb. 6, 2020).

2

process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)).

Fingers was found guilty of Offense A-103, which is defined by departmental policy as "[e]ncouraging, directing, commanding, coercing, or signaling one (1) or more other persons to participate in a disturbance to facility order caused by a group of two (2) or more offenders, or participating in such a disturbance, or remaining in a group where some members of the group are participating in such a disturbance." *See* Indiana Department of Correction, Adult Disciplinary Process, Appendix I: Offenses (effective June 4, 2018).[2] The administrative record includes the disciplinary conduct report, which states that Sergeant Ross observed Fingers throwing a chair against the wall, barricading himself and five other offenders inside a room, and helping the offenders turn over tables in an effort to prepare to fight the staff. ECF 19-1. It also includes supplemental witness statements from Major Tucker stating that Fingers was correctly charged and from Sergeant Aldredge stating that he witnessed Fingers throw a chair against the wall and begin pushing tables up against the door as a barricade, both of which corroborate the disciplinary report. ECF 19-7, 19-8.[3]

---

[2] Available online at: https://www.in.gov/idoc/files/02-04-101%20Appendix%20I%206-4-2018.pdf (last visited Feb. 6, 2020).

[3] The Warden provided a statement indicating that he has no knowledge of the incident. ECF 19-6. The record also includes a video recording, the summary of which indicates that the reviewing officer, H. Winegardner, saw "nothing that supports his claim of having a mental health break down at this time" and "no extra staff or any mental health staff arrive on unit." ECF 19-5; *see also* ECF 21.

Notably, Fingers' medical records were not relevant to the determination at the hearing about whether he was guilty but instead were relevant to a pre-hearing determination of whether his conduct was the result of mental health illness. The administrative record indicates that correctional staff followed departmental policy with respect to this determination and relied on the findings of medical staff. ECF 19-13, 19-14. Even if they did not, the failure to follow departmental policy does not rise to the level of a constitutional violation. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (state-law violations provide no basis for federal habeas relief); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Moreover, because the medical records were not relevant to the charged offense, Fingers was not entitled to present them at the disciplinary hearing. Finally, the administrative record contained ample evidence of Fingers' guilt. Therefore, Fingers' claims that he was not allowed to present his medical records as evidence and that the disciplinary officers did not support the determination that his misconduct was not the result of his mental illness with evidence are not a basis for habeas relief.

Next, Fingers argues that he is entitled to habeas relief because the first level of his administrative appeal was decided by an official who was not impartial, namely the Warden. As noted above, *Wolff* delineates the due process rights that must be afforded to inmates before prison officials can extend the duration of their confinement. The right to an appeal is not among those rights. While the rules of the Indiana Department of

Correction provide for the right to appeal,[4] violations of prison rules are not a basis for federal habeas corpus relief. *See Estelle*, 502 U.S. at 67–68; *Keller*, 271 F. App'x at 532. As a result, Fingers' claim that the Warden was not impartial when he reviewed his case on administrative appeal is not a basis for habeas relief.[5]

Fingers also argues that his due process rights were violated when prison officials tried to obstruct his right to appeal by refusing to provide him with copies of various documents and evidence utilized in the underlying disciplinary proceedings. To the extent Fingers is raising concerns about his administrative appeal, the reasoning outlined above applies equally here—there is no constitutional right to an administrative appeal, so his due process arguments are unfounded. Moreover, it is undisputed that Fingers *did* avail himself of the Indiana Department of Correction's two-step administrative process, which culminated in a denial by Sarah Haefner, the final reviewing authority. *See* ECF 19-10, 19-11. In his appeal, Fingers did not allege that he was denied any of the requested evidence except for his mental health records, which, as noted above, were not relevant to the determination at the hearing about whether he was guilty of the charged offense. ECF 19-10 at 2. To the extent Fingers'

---

[4] The Indiana Department of Correction has established a two-step administrative appeals process. The offender must first file a facility-level appeal within 15 days of the date of the disciplinary hearing or receipt of the hearing report. If the facility head denies the first appeal, the offender must then file a second-level appeal with the final reviewing authority within 15 days of receiving the facility-level response. In the second-level appeal, the offender may only assert those claims raised in the first-level appeal. *See* The Disciplinary Code for Adult Offenders, Policy & Administrative Procedures No. 02-04-101, § X (effective June 1, 2015), available at https://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf (last visited Feb. 6, 2020).

[5] Importantly, Fingers does not claim that the actual official who presided over the disciplinary hearing—the DHO—was biased or prejudiced, and there is no evidence in the record to support such an assertion.

concern centers on obstruction of his ability to litigate this federal habeas case,[6] the court notes that Fingers was able to file his habeas petition without issue. Moreover, the Warden has submitted all of the requested documents and evidence in response to the order to show cause (*see generally* ECF 19, 21, 22), so it cannot be said that Fingers was prejudiced by the facility's alleged failure to provide him with copies prior to the filing of the instant petition. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) ("[Petitioner] suffered no prejudice as a result of the delays, so any conceivable due process violation was harmless.").

Finally, Fingers filed a motion to reconsider the order (ECF 9) denying his motion (ECF 2) for the production of documents. ECF 23. In his original motion, Fingers requested a copy of the conduct, screening, and disciplinary hearing reports, witness statements of various correctional facility staff, video footage of the incident, evidence presented at the disciplinary hearing, and documents related to his appeal. ECF 2 at 3–4. The court denied those requests because the Warden had already been ordered to produce the full and complete administrative record. ECF 9. The instant motion to reconsider does not mention that evidence or provide any reason why the court's decision regarding it should be revisited. Indeed, those requests are now moot considering the Warden has since produced the entire administrative record. *See generally* ECF 19, 21, 22.

---

[6] Fingers states that the respondents "are" refusing to provide the copies and that "now the Petitioner is having to submit motions for production of documents for documents that are suppose[d] to be attach[ed] to the 28 U.S.C. § 2254 habeas corpus as well as documents that are require[d] to be attach[ed] in order to proceed in forma pauperis." ECF 1 at 5.

6

Fingers' original motion also requested the entirety of his mental health records—including documents, electronic data, audio and video recordings, transcripts, and statements related to his placement in the Pendleton Correctional Facility mental health program and appeals of his classification status from 2015 through 2018. However, as described in detail above, these documents are not relevant to the claims in the instant habeas petition nor would they assist the court in resolving them. Therefore, the motion to reconsider will be denied.

In sum, Fingers has not asserted a valid claim for habeas relief. If Fingers wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DENIES the motion to reconsider (ECF 23);

(3) DIRECTS the clerk to enter judgment and close this case; and

(4) DENIES Derek D. Fingers leave to proceed in forma pauperis on appeal.

SO ORDERED on February 11, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT